IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JONATHAN FORBES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-17-2256 |
| | § | |
| HARRIS COUNTY TEXAS, and | § | |
| LUCAS PAIGE, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Jonathan Forbes brought this action in July 2017 under 42 U.S.C. § 1983 against Harris County, Texas and Harris County Deputy Constable Lucas Paige, alleging that Deputy Paige arrested him without probable cause and that Harris County had a custom, policy, or practice of arresting individuals without probable cause. (Docket Entry No. 1).

In October 2017, the court held a scheduling conference with the parties and entered a scheduling order. *See* FED. R. CIV. P. 16(a). The Scheduling Order set December 15, 2017, as the deadline for motions seeking leave to amend pleadings, after which the moving party had to demonstrate "good cause" to amend. (Docket Entry No. 11 at 1). The Scheduling Order required the parties to designate any expert witnesses and to provide their reports by February 28 and April 30, 2018, respectively. (*Id.*). Discovery was set to close on June 15, 2018. (*Id.* at 2).

Forbes moved to extend the expert witness deadline three times, all of which the court granted. The final deadlines were June 30 and August 30, 2018. (Docket Entries No. 13, 15, 20). The court amended the Scheduling Order in July 2018, setting a discovery cutoff date of October 3, 2018. (Docket Entry No. 22). The Amended Order did not alter the expert witness deadlines.

Harris County designated its experts and submitted their reports on August 30, 2018.

(Docket Entry No. 25-2). It provided Forbes a third initial disclosure on October 3, 2018, supplementing its list of witnesses with discoverable information, identifying relevant documents, and designating experts. (Docket Entry No. 25-3).

In September 2018, Harris County moved for judgment on the pleadings, arguing that Forbes had not identified a Harris County policymaker and that county constables are not policymakers. *See* FED. R. CIV. P. 12(c) ("After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."). A month later, in October 2018, Forbes moved for leave to amend his complaint. The proposed amended complaint added the following paragraph:

> Ron Hickman is the Constable and highest ranking person in Precinct 4, Harris County Constable's Office. He is an elected official. He and Mark Herman, the chief Deputy, were in charge, and the policymakers, of deputy assignments, training, hiring, and discipline. Deputy Paige was hired in September 2013 and field training lasted until December 2013. Deputy Paige had no field training in DWI stops. Ron Hickman and Mark Herman assigned Deputy Paige to the DWI Task Force in 2014. Prior to Deputy Paige being on the DWI Task Force but after his field training he was given classroom instruction by Precinct 4 Constable's Office. After his arrest Jonathan Forbes filed an IAD complaint and despite clear video evidence of plaintiff being not intoxicated, not slurring his speech, Deputy Paige not asking for a breath or blood test, and several other actions at the scene demonstrating very poor training Deputy Paige was not disciplined (i.e. followed policy). Ron Herman made a statement after the arrest of Jonathan and after he had become the Constable of Precinct 4, Harris County that he has no knowledge of proper police stop procedures. Twenty-one of Deputy Paige's DWI cases have been dismissed.

(Docket Entry No. 24-2 at 7–8). Forbes states that justice requires allowing the amendment because he has not previously amended and because Harris County "waited 22 days before the discovery deadline to file a motion to dismiss." (Docket Entry No. 24 at 1–2).

Forbes also moved to extend the scheduling-order deadlines by three months and to compel depositions of Mark Herman and Chief Deputy Donald Steward, two Precinct 4 employees, who Harris County purportedly planned to use as experts. (Docket Entry No. 25). Harris County

2

declined to permit Forbes to depose them until the court ruled on the motion for judgment on the pleadings. (Docket Entry No. 25-1).

Neither Herman nor Chief Deputy Steward were listed in Harris County's designation of experts. (Docket Entry No. 25-2). They were listed in Harris County's third initial disclosure as individuals "likely to have discoverable information." FED. R. CIV. P. 26(a)(1)(A)(i). The initial disclosure stated that Herman and Chief Deputy Steward:

> Have knowledge about the policies and procedures of the Harris County Constable's Office Precinct 4 as of the date of the alleged incident on which this lawsuit is based, as well as the law enforcement training required of Precinct 4 deputies.

(Docket Entry No. 25-3 at 4). Forbes also sought to depose Assistant Chief Deputy Michael Combest to testify as to "a search of Constable Precinct 4 complaint tracking system." (*Id.*). Forbes contends that Harris County is "seeking an unfair advantage by waiting until the last second to file disclosures regarding a key witness [–] Combest [–] to dispute plaintiff's *Monell* claim of pattern and practice." (Docket Entry No. 25 at 2).

## I. The Motion for Leave to Amend

Forbes moved for leave to amend over 9 months after the deadline for amendments. His reason is that "Harris County waited 22 days before the discovery deadline to file a motion to dismiss." (Docket Entry No. 24 at 1). Harris County did not move to dismiss under Rule 12(b)(6). *See* FED. R. CIV. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."). Harris County answered and raised the defense that Forbes "has failed to plead sufficient facts to state a claim." (Docket Entry No. 5 at 1). Near discovery's end, Harris County moved for judgment on the pleadings, which may be done "[a]fter the pleadings are closed—but early enough not to delay a trial." FED. R. CIV. P. 12(c). Forbes's explanation for

3

delay is not good cause. A party is to move for judgment on the pleadings once the pleadings have closed but early enough to avoid delaying trial. Harris County did precisely that.

Forbes claims that the court should grant leave to amend because he "has not previously amended." (Docket Entry No. 24 at 1). A party may amend as of right "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). In other cases, "[t]he court should freely give leave when justice so requires." *Id.* 15(a)(2). A district court must have a "substantial reason" to deny a request to amend. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (quotation omitted). "Denial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *U.S. ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010). The decision to grant leave to amend "is entrusted to the sound discretion of the district court." *Simmons v. Sabine River Auth. La.*, 732 F.3d 469, 478 (5th Cir. 2013) (quotation omitted).

"In reviewing the timeliness of a motion to amend, delay alone is insufficient: 'The delay must be *undue*, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court.'" *N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 478 (5th Cir. 2018) (emphasis in original) (quoting *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004)). When a plaintiff seeks to amend the complaint after the amendment deadline, the court "must determine whether the proposed amendment (1) was merely proposing alternative legal theories for recovery on the same underlying facts or (2) would fundamentally alter the nature of the case." *Mayeaux*, 376 F.3d at 427. A court should generally permit amendments falling into the former category, "as they advance Rule 15(a)'s policy of promoting litigation on the merits rather

4

than on procedural technicalities." *Id.*

Forbes's proposed amended complaint does not fundamentally alter the case. It responds to Harris County's motion for judgment on the pleadings by naming "Constable Hickman" and "[C]hief [D]eputy" Herman as the policymakers who allegedly failed to train Deputy Paige or to implement adequate policies and procedures for DWI arrests. (Docket Entry No. 24-2 at 7–8). The amendment neither prejudices Harris County nor unduly burdens this court. The court grants Forbes leave to amend the complaint.

## II.     The Motion for Judgment on the Pleadings

Forbes has not responded to Harris County's dispositive motion in more than 21 days since its filing. The motion is ripe. In light of Forbes's amended complaint, the court dismisses the motion for judgment on the pleadings, without prejudice to reassert its arguments as a challenge to the amended complaint or in a motion for summary judgment. Harris County's motion focused on Forbes's failure to identify a policymaker and that a constable cannot constitute a county policymaker. The amended complaint names "Constable Hickman" and "[C]hief "[D]eputy" Herman as policymakers. (Docket Entry No. 24-2 at 7–8). Harris County's motion does not address whether a precinct chief deputy is a policymaker. The court denies without prejudice Harris County's motion for judgment on the pleadings because the amendment moots it. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading."); *Stredwick v. Dallas Margarita Soc'y, Inc.*, No. 3:12-CV-623-F, 2012 WL 12893430, at *1 (N.D. Tex. June 27, 2012) ("The filing of an amended complaint generally renders pending motions moot."); *Xtria, LLC v. Int'l Ins. All. Inc.*, No. 3:09-CV-

5

2228-D, 2010 WL 1644895, at *2 (N.D. Tex. Apr. 22, 2010) ("Because [the plaintiff] has been granted leave to amend, [the defendant's] motions to dismiss and for judgment on the pleadings are denied without prejudice as moot.").

### III.   The Motion to Compel and to Extend Deadlines

The motion to compel is stricken as inconsistent with this court's pretrial procedures, which are posted on the court's website and provided to all parties when a case is filed. *See* Rule 4, Court Procedures for Hon. Lee H. Rosenthal, www.txs.uscourts.gov/sites/txs/files/lhr_procedures.pdf ("Any party wishing to raise disputed discovery or other pretrial matters must arrange for a conference with the court **before** filing any motion, brief, or accompanying materials." (emphasis in original)). A premotion dispute hearing is set for **October 31**, **2018**, at **4:30 p.m.** in **Courtroom 11-B**.

### IV.   Conclusion

The court grants Forbes leave to amend his complaint, (Docket Entry No. 24), terminates Harris County's motion for judgment on the pleadings, without prejudice, (Docket Entry No. 23), and strikes Forbes's motion to compel, (Docket Entry No. 25). A premotion dispute hearing is set for **October 31**, **2018**, at **4:30 p.m.**

SIGNED on October 9, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge